UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHERRY KEYSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| SCHOOL CITY OF MISHAWAKA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, Sherry Keyser ("Keyser"), brings this action against Defendant, School City of Mishawaka ("Defendant"), for unlawfully violating her rights as protected by the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2.     Keyser has resided within the Northern District of Indiana at all relevant times.

3.     Defendant is a school corporation operating within the Northern District of Indiana.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988;  29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 2000e-5(f)(3).

5.      Keyser is an "employee" within the meaning of 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f).

6.     Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b).

7.     Keyser satisfied her obligations to exhaust her administrative remedies, having timely

-1-

filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued a right-to-sue notice to her.  She now timely files her lawsuit.

8.      Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9.      Defendant hired Keyser as a Teacher Aide in or about 1991.

10.     Defendant promoted Keyser to be a 5th Grade Teacher in or about 1994.

11.     Defendant selected Keyser to be Assistant Athletic Director at Mishawaka High School in or about 2016.

12.     Keyser is female and over the age of 55.

13.     Keyser's work performance has met or exceeded Defendant's legitimate expectations at all relevant times.

14.     Keyser complained multiple times to Defendant up to and including in or about Spring 2023 that former Athletic Director Dean Huppert ("Huppert") had treated her and other female employees in a discriminatory manner based on their sex/gender.

15.     Keyser last complained before Huppert's transfer about gender/sex-based discrimination to Human Resources Director Kory Labonne ("Labonne").

16.     Defendant transferred Huppert to another position in or about Summer 2023.

17.     In or about Spring 2023, Defendant posted the Athletic Director position as open and available for applications with the pending transfer of Huppert.

18.     Labonne told Keyser not to apply for the Athletic Director position because Defendant would not consider or hire her for the position.

19.     Keyser applied for the Athletic Director position in or about April 2023.

20.     Defendant did not hire Keyser for the position.

-2-

21.    Defendant selected Mark Polsgrove ("Polsgrove") to be Athletic Director in or about Summer 2023.

22.    Polsgrove is male.

23.    Polsgrove is 10 or more years younger than Keyser.

24.    Keyser was substantially more qualified and experienced than Polsgrove for the position.

25.    Polsgrove had not held an Athletic Director or Assistant Athletic Director position before Defendant hired him.

26.    Keyser trained Polsgrove for the Athletic Director position.

27.    Polsgrove took leave under the Family Medical Leave Act in or about January 2025 and resigned his employment upon his scheduled return date in or about early April 2025.

28.    Keyser served as "acting" Athletic Director between in or about January 2025 and June 2025.

29.    Defendant posted the Athletic Director position for applications in or about April 2025.

30.    Keyser applied for the Athletic Director position in or about April 2025.

31.    As part of her application, more than 60 individuals, including teachers and coaches, submitted positive recommendation letters on Keyser's behalf to Defendant.

32.    This great outpouring of support for Keyser by Defendant's community effectively demonstrated to Defendant that she was able to work effectively and efficiently with coaches, teachers, staff, and community members.

33.    Keyser's qualifications for the position met, and even exceeded, Defendant's legitimate expectations.

34.    Labonne told Keyser on or about May 21, 2025, that Defendant was not hiring her for the Athletic Director position primarily because she was hard to work with, especially as it related to Huppert -- the very individual about whom she had made statutorily-protected complaints and whom Defendant had transferred to another position.

35.    Keyser reminded Labonne about her statutorily-protected complaints about Huppert that she had previously made to him, thereby renewing her complaints of sex/gender discrimination.

36.    Defendant selected Evan Fras ("Fras") for the Athletic Director position.

37.    Fras is male.

38.    Fras is 10 or more years younger than Keyser.

39.    Fras was materially less qualified and less experienced for the Athletic Director position as compared with Keyser.

40.    Fras had served as Assistant Athletic Director at a smaller school corporation only for approximately 10 months.

41.    Labonne instructed Keyser to train Fras for the Athletic Director position.

42.    Six days after Keyser had renewed her prior sex/gender discrimination complaint, on or about May 27, 2025, Labonne told her that Defendant was demoting her to a 5th Grade position.

43.    Defendant issued no written discipline to Keyser  before her demotion.

44.    Keyser had no notice that her Assistant Athletic Director position was in jeopardy when Defendant demoted her.

45.    Defendant selected Derrick DeShone ("DeShone") to be the Assistant Athletic Director after Keyser.

46.    DeShone is male.

47.    DeShone is 10 or more years younger than Keyser.

48.     DeShone had no previous experience as an Athletic Director or Assistant Athletic Director before Defendant hired him to be the Assistant Athletic Director.

49.     Defendant has accorded more favorable treatment to individuals outside of her protected classes.

50.     Defendant took adverse employment actions against Keyser because of her age, her sex/gender, and/or her statutorily-protected conduct (e.g., opposing sex/gender discrimination, etc.).

51.     Any reason proffered by Defendant for the adverse actions it took against Keyser is pretextual.

52.     Keyser has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## AGE DISCRIMINATION -- ADEA

53.     Keyser hereby incorporates paragraphs 1-52 of her Complaint.

54.     Defendant did not promote Keyser to be Athletic Director because of her age.

55.     Defendant demoted Keyser because of her age.

56.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Keyser's rights as protected by the ADEA.

## COUNT II

## RETALIATION – TITLE VII

57.     Keyser hereby incorporates paragraphs 1-56 of her Complaint.

58.     Keyser engaged in statutorily-protected conduct when she opposed sex/gender discrimination.

59. Defendant did not promote Keyser to be Athletic Director because of her statutorily-protected complaints.

60. Defendant demoted Keyser because of her statutorily-protected complaints.

61. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Keyser's rights as protected by Title VII.

## COUNT III

## SEX/GENDER DISCRIMINATION – TITLE VII

62. Keyser hereby incorporates paragraphs 1-61 of her Complaint.

63. Defendant did not promote Keyser to be Athletic Director because of her sex/gender.

64. Defendant demoted Keyser because of her sex/gender.

65. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Keyser's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Sherry Keyser, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Keyser;

2. Defendant reinstate Keyser to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory damages to Keyser;

4. Defendant pay liquidated damages to Keyser;

5. Defendant pay pre- and post-judgment interest to Keyser;

6. Defendant pay Keyser's attorneys' fees and costs incurred in litigating this action;

7. Defendant promote Keyser to be Athletic Director, with the requisite pay, seniority, and

benefits, or pay front pay and benefits to her in lieu of promotion; and

      8.     Defendant pay to Keyser any and all other legal and/or equitable damages that this

Court determines appropriate and just to grant.

                        Respectfully submitted,

                        /s/ Bradley L. Wilson
                        Bradley L. Wilson, Attorney No. 21154-49
                        Shannon L. Melton, Attorney No. 29380-49

                        Attorneys for Plaintiff
                        Sherry Keyser

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:    (317)802-7181
Email: bwilson@wilsonmelton.com
         smelton@wilsonmelton.com

### **<u>DEMAND FOR JURY TRIAL</u>**

     Plaintiff, Sherry Keyser, by counsel, respectfully requests a jury trial for all issues deemed

triable.

                        Respectfully submitted,

                        /s/ Bradley L. Wilson
                        Bradley L. Wilson, Attorney No. 21154-49

                        Attorneys for Plaintiff
                        Sherry Keyser